# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

GEORGE MOISES ROMERO, JR.,

                Plaintiff,

      v.

CORRECTIONAL OFFICER LITTLE,
*et al.,*

            Defendants.

Case No. 3:26-cv-00205-SLG

## <u>ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYING THE $405 FILING FEE</u>

On May 21, 2026, the Court received an "emergency" civil complaint under 42 U.S.C. § 1983, a civil cover sheet, an application to proceed without prepaying the filing fee, and several other documents from self-represented prisoner George M. Romero, Jr. ("Plaintiff"). In addition to the Complaint and civil cover sheet,[1] Plaintiff submitted several procedurally improper documents labeled as motions, affidavits, declarations, and memos; several of these documents include "emergency" in the title.[2] Plaintiff's "emergency" Petition for a Writ of Habeas Corpus and related filings—which were docketed separately and assigned a new case number—will be addressed by the Court in a separate order in due course.[3]

Plaintiff acknowledges that he has accumulated more than three "strikes"

---

[1] Case 205, Dockets 1-2.

[2] Case 205, Dockets 3-9.

[3] *See Romero v. Meyer, et al.,* Case No. 3:26-cv-00206-SLG.

under the Prison Litigation Reform Act ("PLRA").[4] However, Plaintiff alleges that he should be allowed to proceed with his claims in this case without prepaying the filing fee because he meets the imminent danger exception and because he "expects to succeed on appeal" in his previous cases that were dismissed as strikes.[5]

Plaintiff's pending appeals of prior dismissals that count as strikes do not negate his current three-strike status. A prior dismissal on one of § 1915(g)'s statutorily enumerated grounds counts as a strike, even if the dismissal is the subject of a pending appeal.[6] Therefore, Plaintiff must demonstrate that he meets the imminent danger exception.

### I. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[7] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under

---

[4] Docket 7 at 10.

[5] Docket 7 at 10.

[6] *Coleman v. Tollefson,* 575 U.S. 532 (2015) (holding that that a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending).

[7] 28 U.S.C. § 1915(g).

Case No. 3:26-cv-00205-SLG, *Romero v. Little, et al.*
Order Denying Plaintiff's Request to Proceed without Prepaying the $405 Filing Fee
Page 2 of 12
Case 3:26-cv-00205-SLG    Document 10    Filed 06/29/26    Page 2 of 12

imminent danger of serious physical injury.[8] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[9] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[10] Vague, non-specific allegations are insufficient, and assertions of imminent danger may be rejected as overly speculative, fanciful, "conclusory or ridiculous."[11]

In addition, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint."[12]  In deciding whether such a nexus exists, federal courts consider: "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would *redress* that injury."[13]  A prisoner-plaintiff seeking to invoke  the imminent danger exception must meet  both  requirements  of  the nexus test to proceed.

---

[8] 28 U.S.C. § 1915(g).

[9] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[10] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[11] *Andrews,* 493 F.3d at 1057, fn. 11.

[12] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022).

[13] *Id.* at 700 (emphasis in original).

Case No. 3:26-cv-00205-SLG, *Romero v. Little, et al.*
Order Denying Plaintiff's Request to Proceed without Prepaying the $405 Filing Fee
Page 3 of 12
Case 3:26-cv-00205-SLG    Document 10    Filed 06/29/26    Page 3 of 12

## II. Plaintiff fails to demonstrate that the imminent danger exception applies

Plaintiff claims that "death is hanging over [him] and unless God stops it, it is imminent and about to happen at any moment."[14] In the one-page "Summary of the Complaint," Plaintiff alleges that he was recently rehoused with a "special-needs" prisoner named Atchak who "tried to kill" him in July 2025.[15] Plaintiff claims unnamed DOC staff told Plaintiff to "be thankful and consider [him]self lucky."[16] Plaintiff further claims that on May 16, 2026, he was forced to surrender his legal papers and books by correctional officers ("COs") "Nunez, Tran, Swanson, and Smith" and that he was then transferred to the Cook Inlet Pretrial facility,[17] where he was forced to strip naked on camera, handcuffed, and placed in the Juliet module.[18] Plaintiff claims that despite his request to be placed in therapeutic seclusion, CO Augafa placed him on a dirty floor.[19] He also claims he was denied access to the courts, law library, and legal materials.[20] Plaintiff requests oral argument, an evidentiary hearing "regarding the State of Alaska's repeated acts of

---

[14] Docket 1 at 2.

[15] Dockets 1, 7.

[16] Docket 1 at 4.

[17] The Anchorage Correctional Complex ("ACC") is composed of two detention facilities: Anchorage Jail East and Cook Inlet Pre-Trial.

[18] Docket 1 at 5.

[19] Docket 1 at 5.

[20] Docket 1 at 5.

Case No. 3:26-cv-00205-SLG, *Romero v. Little, et al.*
Order Denying Plaintiff's Request to Proceed without Prepaying the $405 Filing Fee
Page 4 of 12

bad faith, intentionally placing Romero's life at risk."[21] Additionally, Plaintiff requests the Court find the contract authorizing federal criminal defendants to be housed at DOC facilities to be "null, void, and unenforceable,"[22] order his immediate release from DOC custody, and "void" his state court criminal conviction in Case No. 3AN-05-1227CR.[23]

Attached to Plaintiff's "Emergency Motion to Waive the Filing Fee," is an "Emergency Notice" stating that his six-month prisoner account statement was "refused and unavailable" and that Plaintiff is being maliciously prosecuted by the Federal Government.[24] Plaintiff also claims he has no cash, no access to his property, no meaningful access to the phone or mail, and no reliable way to acquire or secure the filing fee. He also claims that on May 16, 2026, his property was seized.[25] In a document titled, "Supplemental Emergency Pro Se Civil Action," Plaintiff claims that unidentified state actors "conspired and compelled Romero to relinquish his legal materials to be transferred"; Plaintiff claims these unidentified "State Actors excessively shackled Romero, strip searched Romero on camera without cause, then placed Romero under the same prisoner who state actors

---

[21] Docket 1 at 6.

[22] Because there are no federal prisons in Alaska, federal defendants awaiting trial or sentencing are housed in Alaska DOC facilities. Defendants who receive a federal prison sentence are transferred to out-of-state federal prisons.

[23] Docket 1 at 6.

[24] Docket 4 at 2.

[25] Docket 4 at 2.

Case No. 3:26-cv-00205-SLG, *Romero v. Little, et al.*
Order Denying Plaintiff's Request to Proceed without Prepaying the $405 Filing Fee
Page 5 of 12
Case 3:26-cv-00205-SLG    Document 10    Filed 06/29/26    Page 5 of 12

allowed and encouraged to attack Romero from behind."[26]  Plaintiff alleges that on or about July 22, 2025, he was taken to the emergency room after DOC failed to protect him from assault by that prisoner and is still being treated for his injuries resulting from that alleged attack.[27]

In an affidavit submitted with the "Supplemental" filing, Plaintiff further alleges that he was intentionally transferred to Cook Inlet Pretrial, so that he would be placed in "imminent and deadly danger under undisclosed state agent Atchak and his associates, allies, and accomplices."[28] Plaintiff also filed a document titled, "Additional Facts for Judicial Notice" that repeats that "he is in imminent danger about to take place at any moment and literally hanging over his head, on the top tier/floor in the form of Atchak and his associates, allies, and accomplices, specially but not exclusive the State of Alaska and security threat groups 'under their control.' "[29] Plaintiff claims he expects to be successful in his pending appeal  and alleges that 18  prisoners died in DOC custody in 2025.[30]  Plaintiff requests relief including but not limited to: an order requiring the U.S. Marshal to bring Plaintiff to Court to hold "an emergency hearing regarding the legality of Romero's incarceration complete with adversarial oral arguments and an evidentiary

---

[26] Docket 7 at 5.

[27] Docket 7 at 5.

[28] Docket 7 at 7.

[29] Docket 7 at 10.

[30] Docket 7 at 11.

Case No. 3:26-cv-00205-SLG, *Romero v. Little, et al.*
Order Denying Plaintiff's Request to Proceed without Prepaying the $405 Filing Fee
Page 6 of 12
Case 3:26-cv-00205-SLG     Document 10     Filed 06/29/26     Page 6 of 12

hearing."[31] Plaintiff also requests "a federal stalking protective order against Alaska Department of Corrections and Alaska State Troopers, their employees and undisclosed agents[,]" numerous "federal judicial declarations of law" regarding his criminal proceedings and DOC policies, "absolute and unconditional release of Romero and Romero's friends beginning with all the Federal prisoners in State of Alaska custody," compensatory damages for property seized or damaged during Plaintiff's arrest and incarceration, payment for his choice of counselors to assist with "prosecution, healing, and success," payment for a Blackstone paralegal course, tuition payments for a Trinity Bible College Degree, restoration of Plaintiff's private and public reputation, restoration of his father's reputation, and other monetary damages.[32]

Upon review, Plaintiff's filings raise issues the Court has already addressed and present conclusory allegations about his safety in custody that are insufficient to establish that he meets the imminent danger exception. It is unclear why Plaintiff has filed so many documents, particularly where the filings reiterate previously rejected arguments or requests for relief. However, the Court takes judicial notice of the various attempts Plaintiff has pursued seeking to collaterally attack his criminal proceedings in both state and federal court.[33] As indicated above, Plaintiff

---

[31] Docket 7 at 11.

[32] Docket 7 at 11-12.

[33] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *See also United States ex*

Case No. 3:26-cv-00205-SLG, *Romero v. Little, et al.*
Order Denying Plaintiff's Request to Proceed without Prepaying the $405 Filing Fee
Page 7 of 12

has filed at least three civil cases that were dismissed at screening.[34] Plaintiff has

also filed numerous related motions in his closed civil cases[35] and in his federal

criminal case.[36]

Recently, after Plaintiff was notified that he has accumulated three strikes,

the Court dismissed *Romero v. United States of America,* Case No. 4:25-cv-

00047-SLG, specifically stating:

> To the extent Plaintiff seeks to challenge his [federal] criminal
> conviction, he must do so by filing a motion under 28 U.S.C.
> § 2255 in the underlying criminal case in which the
> challenged judgment was entered, not as a new civil action.
> To the extent Plaintiff seeks to bring any civil claims—such
> as excessive force due to handcuffing or failure to protect him
> from harm—he has failed to demonstrate he meets the
> imminent danger exception that would allow him to proceed
> on any claims without prepaying the full filing fee.[37]

Despite this guidance, Plaintiff persists in filing repetitive, frivolous, and

noncompliant submissions that disregard the Court's prior orders, and has now

---

*rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[34] *See also Romero v. Pitzer, et al.,* Case No. 4:24-cv-00030-SLG, Docket 4 at 5 (notifying Plaintiff he has received three strikes, specifically in Case Nos. 4:24-cv-00030-SLG, 4:24-cv-00031-SLG, and 4:25-cv-00002-SLG).

[35] *See, e.g., Id.,* Docket 14 (Order Denying Post-Judgment Motions). *See also* Case No. 4:24-cv-00028-SLG, Docket 12 (Order re Post-Judgment Motions) and Docket 15 (Order denying Motion for Reconsideration in closed case).

[36] *USA v. Romero,* Case No. 4:24-cr-00019-TMB-SAO.

[37] *Romero v. United States of America,* Case No. 4:25-cv-00047-SLG, Docket 2 (dismissing case).

Case No. 3:26-cv-00205-SLG, *Romero v. Little, et al.*
Order Denying Plaintiff's Request to Proceed without Prepaying the $405 Filing Fee
Page 8 of 12

filed yet another case seeking to collaterally attack his convictions in both state and federal court. Plaintiff again alleges excessive handcuffing/shackling, failure-to-protect, broad conspiracy claims, and demands oral arguments and evidentiary hearings on the legality of his confinement.

Plaintiff's claims challenging his criminal proceedings cannot be maintained in a civil rights action and must be dismissed. Further, Plaintiff has not provided specific allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Plaintiff's similar complaints regarding handcuffing and shackling have been dismissed by the Court.[38] Seizure of legal documents, handcuffing, and strip-searching are not atypical procedures when transferring a prisoner to a different facility, and Plaintiff has not plausibly alleged that these actions violated his constitutional rights.

The alleged injury in July 2025 describes past harm, not an imminent threat as of the May 2026 filing date of this action. Plaintiff does not describe specific, imminent threats to his safety in May 2026; nor does he allege any new injury or any concrete facts showing a likelihood of serious physical harm was imminent in May 2026; nor does he demonstrate that he made a formal request to prison officials to be segregated from Atchak. Absent such particularized, current facts, the assertion that he is housed near an alleged special needs prisoner is

---

[38] *See, e.g., Romero v. United States of America,* Case No. 4:25-cv-00047-SLG, Docket (finding Plaintiff's excessive force due to handcuffing and failure to protect him from harm claims insufficient to demonstrate imminent danger).

Case No. 3:26-cv-00205-SLG, *Romero v. Little, et al.*
Order Denying Plaintiff's Request to Proceed without Prepaying the $405 Filing Fee
Page 9 of 12

Case 3:26-cv-00205-SLG   Document 10   Filed 06/29/26   Page 9 of 12

insufficient. Further, Plaintiff's broader conspiracy allegations—that the special needs prisoner is an undisclosed state agent with "associates, allies, and accomplices" acting against him[39]—are conclusory, unsupported by specific factual detail, and detract from the plausibility of imminent danger.[40]

Moreover, the broad relief Plaintiff seeks is inconsistent with his imminent danger claim.[41] Requests for prospective relief are limited by the Prison Litigation Reform Act, which requires that any grant of prospective relief with respect to prison conditions be narrowly drawn, extend no further than necessary, and be the least intrusive means necessary for correction.[42]

Here, Plaintiff again seeks his immediate release from custody along with compensatory and punitive damages and other relief. The number, redundancy, and scope of the submissions impose unnecessary burdens on the Court, especially where Plaintiff has been repeatedly informed of the limitations

---

[39] Docket 7 at 7 (alleging there is a broader conspiracy to place him in "imminent and deadly danger under undisclosed state agent Atchak and his associates, allies, and accomplices.").

[40] *See Cervantes*, 493 F.3d at 1057 n.11 (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("Courts ... deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous."); *Martin v. Shelton*, 319 F.3d 1048, 1048 (8th Cir. 2003) (declining to find imminent danger exception based on "conclusory assertions that defendants were trying to kill [the inmate] by forcing him to work in extreme [weather] conditions.")

[41] *Cf. Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (noting that a favorable judicial outcome would not redress any injury resulting from Ray's housing; it would merely redress allegations of mail tampering).

[42] 18 U.S.C. § 3626(a)(1)(A). *See also Gomez v. Vernon,* 255 F.3d 1118, 1129 (9th Cir. 2001).

Case No. 3:26-cv-00205-SLG, *Romero v. Little, et al.*
Order Denying Plaintiff's Request to Proceed without Prepaying the $405 Filing Fee
Page 10 of 12

applicable to his filings and the need to present any requests through the proper procedural channels.

"The right to proceed *in forma pauperis* is not an unqualified one. [...] It is a privilege, rather than a right."[43] Section 1915(g) "does not prevent all prisoner from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status."[44] Thus, because Plaintiff's litigation history shows he is one of those prisoners, and he does not plausibly allege to have been in "imminent danger of serious physical injury" at the time he filed his Complaint, he not entitled to proceed without prepaying the filing fee in this action.[45]

If Plaintiff wishes to proceed with this case, he must pay the full $405.00 filing fee **within 60 days of the date of this order**. The Court will then screen the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. §

---

[43] *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted).

[44] *Rodriguez*, 169 F.3d at 1180.

[45] *See Cervantes*, 493 F.3d at 1055.

Case No. 3:26-cv-00205-SLG, *Romero v. Little, et al.*
Order Denying Plaintiff's Request to Proceed without Prepaying the $405 Filing Fee
Page 11 of 12

Case 3:26-cv-00205-SLG    Document 10    Filed 06/29/26    Page 11 of 12

1915(g) is **DENIED** because Plaintiff has accumulated at least three strikes, and he fails to demonstrate he meets the imminent danger exception that would allow him to proceed on his claims without prepaying the full filing fee.

2.      All pending motions are **DENIED without prejudice.**

3.      Plaintiff is accorded **60 days of the date of this order** to either (1) pay the $350 filing fee and $55 administrative fee, a total of $405, or (2) file a Notice of Voluntary Dismissal, in which Plaintiff elects to close and end this case.

4.      If Plaintiff fails to pay the full $405 filing fee **within 60 days of the date of this order,** this case will be dismissed without further notice to Plaintiff.

5.      The Clerk is directed to send form PS09, Notice of Voluntary Dismissal, to Plaintiff with this order.

DATED this 29th day of June, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:26-cv-00205-SLG, *Romero v. Little, et al.*
Order Denying Plaintiff's Request to Proceed without Prepaying the $405 Filing Fee
Page 12 of 12
Case 3:26-cv-00205-SLG      Document 10      Filed 06/29/26      Page 12 of 12