**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

GEORGE MOISES ROMERO, JR.,

                Plaintiff,

     v.

LITTLE, *et al*.,

                Defendants.

Case No. 3:26-cv-00205-SLG

## ORDER ON FOUR PENDING MOTIONS

Before the Court are four pending motions filed by Plaintiff George Moises Romero, Jr., each of which is resolved by this order.[1]

1.     At Docket 11 is Plaintiff's Motion for a More Definite Statement. Mr. Romero asks the Court to clarify the Court's statement that the Petition for Habeas Corpus he filed that was opened as Case No. 3:26-cv-00206-SLG will be determined "in due course."[2]  A motion for a more definite statement is a motion that can be brought by a party seeking an order requiring another party to provide a more definite statement of a pleading. The rule does not allow for a more definite statement of a judge's order; the proper vehicle for clarification is a motion for reconsideration or

---

[1] Plaintiff also filed a Written Objection at Docket 14, in which he appears to object to "being torn away from my personal law books, history boos and Job" due to his transfer from Fairbanks to Anchorage.  The Court will not take any action with respect to this objection.

[2] Docket 11 at 2 (citing Docket 10 at 1).

motion for clarification. *See* Rule 12(e), Federal Rules of Civil Procedure. That being said, the Court acknowledges that 28 U.S.C. § 2243 requires a court to "issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." For the reasons the Court will explain in a separate order to be issued in that case, the one paragraph habeas petition that Mr. Romero filed does not demonstrate that he is entitled his immediate release from custody, the sole relief available in a habeas proceeding. For the foregoing reasons, the motion at Docket 11 is DENIED.

2. At Docket 12 is Plaintiff's Motion to Reconsider. Mr. Romero asks the Court to reconsider the Court's order at Docket 10 denying his request to proceed without prepaying the filing fee. Mr. Romero asserts that the "Prison Litigation Reform Act is unconstitutional on its face and as applied to Romero."[3] This argument is without merit; the Ninth Circuit Court of Appeals has held that the PLRA's three-strike rule is constitutional and this Court is bound to follow that precedent. *Rodriquez v. Cook,* 169 F. 3d 1176, 1181 (9th Cir. 1999). Accordingly, the motion to reconsider at Docket 12 is DENIED.

---

[3] Docket 12 at 2.

3. At Docket 13 is Plaintiff's Motion to Seal. In this motion, Mr. Romero asks the Court to seal all references to the prisoner he alleges assaulted him and substitute Agent 1 in his place;  he asserts that his safety is at risk if his assailant's name is in the public record.  But it was Mr. Romero that repeatedly identified his assailant by name in his earlier filings and did so once again in this most recent filing[4]  The motion at Docket 13 is DENIED without prejudice because the Court will not redact Mr. Romero's previous filings. Rather, Mr. Romero may file a Motion to Seal all filings that reference the alleged assailant and also file a redacted version of each of those filings that redacts the name of the alleged assailant for the public record.  *See* District of Alaska Local Civil Rule 7.3(f)(7).  The Clerk of Court is directed to seal this entire case for 30 days from the date of this order to allow time for Mr. Romero to file the Motion to Seal and redacted versions of the filings.  If the motion and redacted versions are not filed by that time, the case will thereafter be unsealed.

4.    At Docket 15, Mr. Romero moves for a 30-day extension to file a corrected Rule 59 motion.  The motion is DENIED because Rule 59 applies to motions to alter or amend a judgment or for a new trial.  No trial has been held in this case and no final judgment has been entered.

---

[4] *See* Docket 1 at 4, Docket 7 at 7, 10

**CONCLUSION**

In light of the foregoing, Plaintiff's motions at Docket 11, 12, 13 and 15 are each DENIED.

DATED this 28th day of July, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:26-cv-00205-SLG, *Romero v. Little, et al.*
Order on Four Pending Motions
Page 4 of 4
Case 3:26-cv-00205-SLG     Document 16     Filed 07/28/26     Page 4 of 4